UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

|   |   |
|---|---|
| PHILLIP M. TRUJILLO,<br><br>     Plaintiff,<br><br>v.<br><br>JA LACROSSE, SGT. REETZ, C.O. ARNOLD, C.O. NACK, C.O. DIEFENTHALER, and COOK JW,<br><br>     Defendants. | Case No. 24-CV-1674-JPS<br><br>**ORDER** |

  Plaintiff Phillip M. Trujillo, an inmate confined at Manitowoc County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the Defendants violated his constitutional rights to adequate nutrition. ECF No. 1. On March 4, 2025, the Court screened the complaint, found that it failed to state a claim, and allowed Plaintiff to file an amended complaint on or before March 26, 2025. ECF No. 7. On March 24, 2025, Plaintiff filed a motion for an extension of time to file an amended complaint. ECF No. 8. On March 25, 2025, Plaintiff filed an amended complaint. ECF No. 9. The Court will therefore deny Plaintiff's motion for an extension of time as moot because the amended complaint was timely. The remainder of this Order screens Plaintiff's amended complaint.

1.  **FEDERAL SCREENING STANDARD**

  Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.  **PLAINTIFF'S ALLEGATIONS**

Plaintiff brings this action against Defendants JA LaCrosse ("LaCrosse"), Sgt. Reetz ("Reetz"), C.O. Arnold ("Arnold"), C.O. Nack

("Nack"), C.O. Diefenthaler ("Diefenthaler"), and Cook JW ("JW"). ECF No. 9 at 1. On June 8, 2024, Plaintiff received a lunch tray from Reetz that contained pineapple. *Id.* at 2. Plaintiff picked up his handset to let Diefenthaler know that he was severely allergic to pineapple and that he needed another tray. *Id.* Diefenthaler told Plaintiff there was nothing she could do and to eat around it. *Id.* Plaintiff talked to Reetz about it but was told the same thing. *Id.* Plaintiff admits he responded inappropriately and that he was sent to the hole for throwing his food tray. *Id.* at 2–3. Plaintiff never received anything else to eat. *Id.* at 3.

Plaintiff continued to receive food trays with pineapple for the next three months. *Id.* On August 3, 2024, Plaintiff was the only inmate to receive pineapple on his food tray and he believes JW put the food there to retaliate against him. *Id.* Plaintiff asked to speak to the Sergeant, but Palmer said he was busy. Palmer did not provide Plaintiff a replacement meal. *Id.* When Plaintiff attempted to speak to the Sergeant, Nack confronted Plaintiff and accused him of lying. Nack told Plaintiff she did not understand why Plaintiff could not eat around the food. *Id.* The jail administrator, LaCrosse, knew about the situation and turned a blind eye to Plaintiff's requests for help. *Id.* at 4.

Plaintiff is extremely allergic to pineapple and even the smallest amount can cause his airway to swell. *Id.* As a result, Plaintiff could not eat around the pineapple because the tray could have been contaminated. The jail serves a lot of mixed fruit with pineapple and Plaintiff missed one to two meals per day because Defendants have failed to accommodate his serious food allergy. *Id.* Plaintiff has experienced weight loss, anxiety, depression, irritable bowel syndrome, constipation, severe stomach

cramps, agitation to his ulcers, vitamin deficiency, and lethargy due to Defendants' actions. *Id.*

**3. ANALYSIS**

The Court finds that Plaintiff may proceed on a Fourteenth Amendment conditions of confinement claim against LaCrosse, Reetz, Arnold, Nack, Diefenthaler, and JW.[1] The Eighth Amendment's prohibition of cruel and unusual punishment "imposes duties on prison officials to 'provide humane conditions of confinement' and 'ensure that inmates receive adequate food, clothing, shelter, and medical care.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). The same principles apply to pre-trial detainees. *Hardeman v. Curren*, 933 F.3d 816, 821–22 (7th Cir. 2019). Because pre-trial detention is not punitive, however, conditions of confinement claims brought by pre-trial detainees arise under the Fourteenth Amendment's Due Process Clause and not the Eighth Amendment. *Id.*

The standards governing conditions-of-confinement claims differ depending on whether they are brought under the Fourteenth or Eighth Amendment. *See Kemp v. Fulton County*, 27 F.4th 491, 495 (7th Cir. 2022). While Fourteenth Amendment conditions-of-confinement claims contain only an objective component, *id.* (citing *Hardeman*, 933 F.3d at 823), Eighth Amendment claims contain an additional "subjective" element, requiring

---

[1] The Court notes that the prior screening order analyzed Plaintiff's claims under the Eighth Amendment. However, the allegations in the amended complaint suggest Plaintiff is a pre-trial detainee instead of a convicted prisoner. As such, the Court proceeds under the Fourteenth Amendment. Defendants will be free to later argue that the more rigorous Eighth Amendment standard should apply if they dispute Plaintiff's status as a pre-trial detainee during the relevant time period.

proof of deliberate indifference. *Id.* (explaining the different standards stem from the fact that "pretrial detainees remain entitled to the presumption of innocence, and so the Constitution protects them from any *punishment* for the acts that led to their detention") (emphasis in original).

Courts have found that instances of more "minor" deprivations did not meet the "objective seriousness" prong. *See Dickerson v. Milwaukee County*, No. 23-CV-1442-BHL, 2024 WL 233376 (E.D. Wis. Jan. 22, 2024) (holding that two consecutive missed meals did not "rise to the level of a constitutional violation"); *Stevens v. Carr*, No. 20-C-1735, 2021 WL 39542 (E.D. Wis. Jan. 5, 2021) (holding that "a slice of meat, bread, and a handful of chips at meal time, along with two peanut butter and two jelly squeeze packs with four pieces of bread at breakfast" was not inadequate even if the plaintiff wanted more to eat); *see also Freeman v. Berge*, 441 F.3d 543 (7th Cir. 2006) (holding that withholding sporadic meals over two and a half years due to the inmate's refusal to follow health and safety policy conditions to receiving meals was not a cruel and unusual punishment because it was both self-inflicted and there was no evidence of "real suffering, extreme discomfort, or any lasting detrimental health consequences").

Here, Plaintiff's amended complaint alleges that he is severely allergic to pineapple and that he was given food trays containing pineapple over a period of three months. Plaintiff alleges that he informed Defendants of his serious allergy and that he could not eat anything that might have touched pineapple. Defendants told Plaintiff to eat around the pineapple and ignored his concerns of contamination to the other food. As a result, Plaintiff was forced to miss one to two meals each day for a period of three months. Plaintiff alleges weight loss, anxiety, depression, irritable bowel syndrome, constipation, severe stomach cramps, agitation to his ulcers,

vitamin deficiency, and lethargy due to Defendants' actions. At the pleading stage, Plaintiff's allegations are sufficient to proceed on a Fourteenth Amendment conditions of confinement claim against Defendants LaCrosse, Reetz, Arnold, Nack, Diefenthaler, and JW for depriving him of sufficient food.

4. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Fourteenth Amendment conditions of confinement claim against Defendants LaCrosse, Reetz, Arnold, Nack, Diefenthaler, and JW.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for an extension of time, ECF No. 8, be and the same is hereby **DENIED as moot**; Plaintiff timely filed the amended complaint;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the amended complaint and this order upon Defendants **LaCrosse, Reetz, Arnold, Nack, Diefenthaler, and JW** pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants LaCrosse, Reetz, Arnold, Nack, Diefenthaler, and JW shall file a responsive pleading to the amended complaint; and

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the amended complaint, and Plaintiff should strongly consider filing a second amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.